# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELIZABETH YVONNE WILSON,**

      **Plaintiff,**

-vs-                                              **Case No. 6:10-cv-852-Orl-31GJK**

**CSX TRANSPORTATION, NATIONAL
RAILROAD PASSENGER
CORPORATION, FLORIDA
DEPARTMENT OF TRANSPORTATION,
and SEMINOLE COUNTY,**

      **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Remand (Doc. 21) filed by the Plaintiff, Elizabeth Yvonne Wilson ("Wilson"), and the response (Doc. 23) filed by Defendants CSX Transportation ("CSX") and National Railroad Passenger Corporation ("Amtrak").

Amtrak removed this case to federal court on May 27, 2010. All of Amtrak's co-defendants consented to the removal. (Doc. 1 at 3). Neither the Florida Department of Transportation ("FDOT") nor Seminole County (the "County") has waived the right to assert Eleventh Amendment immunity, which bars federal courts from entertaining suits against states.[1]

---

[1] The Eleventh Amendment provides that the "Judicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the . . . States" by citizens of another state or – at least as it has been interpreted – by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Eleventh Amendment immunity applies not only to suits brought against a state, but to suits brought against an "arm of the state." *See Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2005). The question of whether an entity is an arm of the state turns on the issue of "the particular function in which the [entity] was engaged when taking the actions out of

As the Plaintiff recognizes, the United States Supreme Court has held – unanimously – that a state waives its Eleventh Amendment immunity whenever it removes its case to federal court. *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613, 616, 122 S.Ct. 1640, 1642, 152 L.Ed.2d 806 (2002). According to the Plaintiff, it remains an open question whether such a waiver occurs when a state merely consents to a removal accomplished by another defendant. The Plaintiff contends that the failure of FDOT and Seminole County to waive Eleventh Amendment immunity renders the removal procedurally defective, warranting remand.

The motion fails for two reasons. First, the Plaintiff fails to cite to any procedural requirement, statutory or otherwise, that a defendant waive its right to claim immunity before removing (or allowing removal of) its case to federal court. Although removal under such circumstances might strike the Plaintiff as being unfair or unjust, it is not procedurally defective.

Second, although Amtrak (rather than FDOT or the County) accomplished the removal in this case, neither of the latter two defendants can be said to be before this Court involuntarily. Both consented to Amtrak's removal, effectively asserting that the "Judicial power of the United States" extends to this case. For more than a century, such an invocation of federal court jurisdiction by a state has been held to constitute a waiver of Eleventh Amendment immunity. *Lapides*, 535 U.S. at 619, 122 S.Ct. at 1643 (citing *Clark v. Barnard*, 108 U.S. 436, 447, 2 S.Ct. 878, 27 L.Ed. 780 (1883)). The fact that FDOT and the County consented to removal rather than doing it themselves does not alter the voluntary nature of their appearance here, or the resulting waiver of Eleventh Amendment immunity.

---

which liability is asserted to arise." *Id.* For present purposes, the Court will assume that both FDOT and the County, absent a waiver, would be entitled to assert Eleventh Amendment immunity here.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Remand (Doc. 21) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 22, 2010.

                                                                                          GREGORY A. PRESNELL
                                                                                    UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party